UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 21-CV-2823 (KKM)

CATHEXIS VENTURES, LP;
JOAQUIN ALEX FERNANDEZ;
THOMAS ALEX NEWTON, JR.;
PAGE ANGEL INVESTORS II, LLC;
GEORGE LAFLIN; KEVIN MINOR;
WE HANG, GP; and SHADAYSHA, LLC;

    Plaintiffs,

v

MIQROTECH, INC. and MEADE LEWIS;

    Defendants.

_____/

## UNOPPOSED MOTION REGARDING THE COURT'S RETENTION OF JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiffs, CATHEXIS VENTURES, LP, JOAQUIN ALEX FERNANDEZ, THOMAS ALEX NEWTON, JR., PAGE ANGEL INVESTORS II, LLC, GEORGE LAFLIN, KEVIN MINOR, WE HANG, GP, and SHADAYSHA, LLC, (collectively "Plaintiffs") hereby move for entry of an order by the Court retaining jurisdiction over this matter to enforce the terms of the settlement agreement between the parties and state as follows:

1.     The parties mediated this matter on December 8, 2022. Subsequently, Plaintiffs filed a Notice of Settlement (Doc. 77), and the parties entered into a Confidential Settlement Agreement effective December 14, 2022.

2. Pursuant to the terms of the Confidential Settlement Agreement, the parties filed a Stipulation of Dismissal with Prejudice Effective Upon Entry of Order Reserving Jurisdiction to Enforce Settlement Agreement on December 19, 2022 (Doc. 79) (the "Stipulation"). The Stipulation contemplated and was conditioned on the Court's entry of an order retaining jurisdiction to enforce the Confidential Settlement Agreement.

3. The next day, on January 20, 2022, the Court entered an Endorsed Order denying the parties' request for an order retaining jurisdiction without prejudice and stating that absent a compelling reason, the Court will not retain jurisdiction to enforce the parties' settlement agreement. (Doc. 80). A compelling reason exists here because (1) the retention of jurisdiction is not unbounded in time; (2) the Court's retention of jurisdiction is consistent with the strong public policy favoring settlement; (3) the Court's retention of jurisdiction comports with the traditional notions of judicial efficiency and economy; and (4) this case is not a Fair Labor Standards Act case where the Court is required to scrutinize the terms of the settlement agreement.

4. First, the Court's retention of jurisdiction will not be unlimited in time. The Confidential Settlement Agreement contemplates Defendants' payment of an agreed settlement amount on or before 5:00 p.m. on July 10, 2023. Thus, the Court need only retain jurisdiction long enough for the parties to confirm whether payment has been timely made and for the Plaintiffs' preparation of a motion to enforce the settlement agreement, should that become necessary. Plaintiffs believe July 28, 2023 would provide sufficient time to do so.

5. Second, the Court's retention of jurisdiction to enforce the settlement agreement is consistent with the strong public policy favoring settlement. "Courts encourage settlements as a matter of public policy to promote amicable resolution of cases and to avoid the expense of litigation." *Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 650 n. 7 (11th Cir. 2019). The Court's retention of jurisdiction is material term of the agreement. The settlement agreement provides that in the event the settlement amount is not timely paid, Plaintiffs shall be entitled to, and Defendants consent to, an immediate default final judgment against Defendants, jointly severally, for a confidential sum certain[1] that exceeds the Court's $75,000.00 diversity jurisdiction threshold. 28 U.S.C. § 1332. The consent final judgment is a material term to the Confidential Settlement Agreement and Plaintiffs would not have agreed to settle the case without its inclusion. The form of the judgment, which is styled as if it was entered in this action, is attached as an exhibit thereto. By retaining jurisdiction, the Court promotes the strong public policy favoring settlement.

6. Third, retention of jurisdiction over this matter to enforce the Confidential Settlement Agreement until July 28, 2023, would not significantly impact the judicial effort involved with respect to this case. If payment is timely made then the Court's retention of jurisdiction will naturally expire. If payment is not timely made, then the judicial effort will still be less than what was contemplated in the original action. That is, the entry of a consent final judgment will still take substantially

---

[1] The settlement agreement provides that its terms are no longer confidential in the event the settlement amount is not timely paid.

less effort than if the Court were to be involved in discovery issues, summary judgment motions, Daubert motions and the full-blown trial that was scheduled to occur in November 2023.[2] (Doc. 75). Moreover, if the Court does not retain jurisdiction, Plaintiffs will need to file a new action to enforce the settlement agreement with this Court, thereby increasing the judicial labor tied to this matter. Therefore, retention of jurisdiction promotes judicial efficiency and economy by reducing the overall judicial effort in this matter.

7. Finally, cases in which denial of requests that courts in the Middle District retain jurisdiction typically arise in the context of settlement of Fair Labor Standards Act claims,[3] where courts are required to scrutinize settlement agreements for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–55 (11th Cir. 1982). This case does not arise under the FLSA.

8. In conclusion, the Court's retention of jurisdiction over this matter until July 28, 2023, to enforce the settlement agreement promotes the strong public policy favoring settlement of litigation and is consistent with the traditional notions of judicial efficiency and economy.

---

[2] Before noticing settlement, Plaintiffs and Miqrotech, Inc. were in the process of completing briefing on Plaintiffs' Motion to Compel. (Docs. 68, 76).

[3] *See, e.g., King v. Wells Fargo Home Mortg.*, 2:08-CV-307-FTM29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009); *Smither v. Dolphin Pools of SW Florida, Inc.*, 2:11-CV-65-FTM-29DNF, 2011 WL 2565494, at *2 (M.D. Fla. June 9, 2011), report and recommendation adopted, 2:11-CV-65-FTM-29DNF, 2011 WL 2580459 (M.D. Fla. June 29, 2011); *Madison v. United Site Servs. of Fla., Inc.*, 616CV1991ORL41DCI, 2018 WL 2211419, at *3 (M.D. Fla. Apr. 18, 2018), report and recommendation adopted as modified, 616CV1991ORL41DCI, 2018 WL 2197757 (M.D. Fla. May 14, 2018).

WHEREFORE, the Parties respectfully request that the Court enter an Order retaining jurisdiction to enforce the terms of the settlement agreement through and including July 28, 2023.

### Local Rule 3.01(g) Certification

I HEREBY CERTIFY that pursuant to Local Rule 3.01(g), counsel for Plaintiffs have conferred with counsel for Defendants regarding the relief sought in this Motion. Defendants do not oppose the relief sought herein.

Respectfully submitted this 9th day of January, 2023.

*/s/ Christian H. Tiblier, Esq.*
Michael R. Levin, Esq.
Florida Bar No. 351326
Joel E. Roberts, Esq.
Florida Bar No. 258910
Christian H. Tiblier, Esq.
Florida Bar No. 125886
Primary Email:
mlevin@bakerlaw.com
jeroberts@bakerlaw.com
ctiblier@bakerlaw.com
Secondary Email:
smccoy@bakerlaw.com
lbonvissuto@bakerlaw.com
cchaplan@bakerlaw.com
tnantz@bakerlaw.com
orlbakerdocket@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 S. Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
Telephone:  407-649-4000
Facsimile:  407-841-0168

*Attorneys for Plaintiffs, Cathexis Ventures, LP; Joaquin Alex Fernandez; Thomas Alex Newton, Jr.; Page Angel Investors II, LLC; George Laflin;*

*Kevin Minor; We Hang, GP; and Shadaysha, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 9, 2023, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice electronically attorneys of record.

                                            *s/Christian H. Tiblier*
                                            Christian H. Tiblier