## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CATHEXIS VENTURES, LP, et al.,

     Plaintiffs,

v.                         Case No: 8:21-cv-2823-KKM-TGW

MIQRO TECH, INC., and
MEADE LEWIS

     Defendants.

_____

## ORDER

     Plaintiffs Cathexis Ventures, LP, Joaquin Alex Fernandez, Thomas Alex Newton, Jr., Page Angel Investors II, LLC, George Laflin, Kevin Minor, We Hang, GP, and ShaDaySha, LLC, moved for sanctions against Defendants Meade Lewis and mIQro Tech, Inc., (MIQT). Mot. for Sanctions (Doc. 129). The Magistrate Judge certified the facts and recommended that I hold the defendants in contempt and issue an award of reasonable expenses, including attorney's fees, incurred in making the motion. *See* Order Cert. Facts. (Doc. 133). For the reasons below and for those stated at the hearing today, I hold Defendant Meade Lewis, both individually and as the representative and CEO of Defendant MIQT, in contempt of court and order him detained until he complies with the discovery orders. I also award the plaintiffs reasonable expenses, including attorney's fees, in the making of the motion.

     On September 7, 2023, the Court issued a final judgment in favor of the plaintiffs in the amount of $7,100,000. (Doc. 98). The Magistrate Judge concluded that no portion of that judgment has since been paid (Lewis asserted at the show-

cause hearing today that an initial $250,000 was tendered, which the plaintiffs vehemently dispute). Order Cert. Facts at 2–3. Whatever amount has or has not been paid, the overwhelming majority of the final judgment remains outstanding. To execute the judgment, the plaintiffs filed a motion for writ of garnishment in October 2023, (Doc. 103), and the Magistrate Judge granted it, (Doc. 104). To further aid in execution of the judgment, the plaintiffs served interrogatories and requests for production to the defendants regarding financial information about both Lewis and MIQT. (Doc. 114-1) at 8–13; (Doc. 114-2) at 4–6; (Doc. 119-1) at 7–11; (Doc. 119-2) at 3–5. Neither MIQT nor Lewis responded to the interrogatories. (Doc. 114) at 3; (Doc. 119) at 2–3. MIQT only partially complied with the requests for production by producing a few documents and bank statements, (Doc. 114) at 4–7, while Lewis produced nothing, (Doc. 119) at 2–3.[1]

In January 2024, the plaintiffs moved for sanctions and to compel MIQT to "respond to Plaintiffs' Interrogatories and Requests for Production, and make a fulsome production of responsive documents." (Doc. 114) at 8. The Magistrate Judge granted the motion to compel and denied the motion for sanctions. (Doc. 115). In April 2024, the plaintiffs moved for sanctions and to compel Lewis to comply with the requests for production and interrogatories, as he still had produced nothing. (Doc. 116). The Magistrate Judge granted the motion to compel but denied the motion for sanctions. (Doc. 118). After the defendants ignored the Magistrate Judge's orders, the plaintiffs filed second motions to compel discovery and sanctions against Lewis, (Doc. 119), and MIQT (Doc. 120). In July 2024, the

---

[1] At the show-cause hearing today, the plaintiffs asserted that the defendants have produced *no* discovery. Regardless, it remains undisputed that the defendants have not fully complied with the orders compelling production of records and answers to interrogatories.

Magistrate Judge granted both and ordered the defendants to provide the discovery responses to aid in execution of the judgment. (Doc. 125). The defendants again did not comply, so the plaintiffs moved to hold the defendants in contempt. Mot. for Sanctions.

On December 11, 2024, the Magistrate Judge certified the above facts and recommended that the defendants be held in civil contempt. *See* Order Cert. Facts. Two days later, I noticed a show-cause hearing for January 8, 2025, (Doc. 138), allowing Lewis another month to retain counsel and prepare a defense, (Doc. 134). At the hearing, Lewis announced that he had hired counsel, Jamie Tasker, a day or two before the hearing, but that the attorney could not attend the hearing. I directed the courtroom deputy to call Tasker, who answered, and Tasker admitted that he was recently retained by Lewis and MIQT. I continued the hearing another week to allow Tasker to prepare. (Doc. 140). Tasker filed a notice of appearance this morning and attended today's hearing.

"A finding of civil contempt—willful disregard of the authority of the court—must be supported by clear and convincing evidence." *Riccard v. Prudential Ins.* 307 F.3d 1277, 1296 (11th Cir. 2002) (citing *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000)). "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id.* At a show-cause hearing, the contemnor is "allowed to show either that he did not violate the court order or that he was excused from complying" due to an "inability" to comply. *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (quoting *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990)). "Parties subject to a

3

court's order demonstrate an inability to comply only by showing that they have made 'in good faith all reasonable efforts to comply.' " *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (quoting *United States v. Ryan*, 402 U.S. 530, 534 (1971)).

As stated on the record at the civil contempt hearing, Lewis has failed to show cause why he should not be held in contempt. The facts certified by the Magistrate Judge establish by clear and convincing evidence that Lewis has willfully violated three court orders requiring that he produce documents and complete interrogatories, and nothing at the show-cause hearing undermined that certification. (Docs. 115, 118, & 125). The underlying discovery sought by the plaintiffs consists of standard, unambiguous interrogatories and requests for production concerning the defendants' financial information to assist in satisfying the judgment. *See* (Doc. 114-1) at 8–13; (Doc. 114-2) at 4–6; (Doc. 119-1) at 7–11; (Doc. 119-2) at 3–5. The court orders requiring that the defendants complete the discovery requests are valid and lawful, and there has been no suggestion otherwise. Lewis provided no adequate excuse for noncompliance, either in the form of inability or good faith attempts to comply. At the hearing, Lewis first admitted that he was not raising an inability argument, and counsel said that Lewis's retention of him and counsel's calls this week to opposing counsel demonstrated his good faith efforts to comply. As explained on the record, two phone calls the week of the show-cause hearing hardly amounts to good faith reasonable efforts to comply with producing discovery. As the CEO of MIQT and in his personal capacity as a named defendant, Lewis has not presented evidence to show that he was unable to comply with the orders for any reason.

Based on his unexcused non-compliance with lawful, valid, and explicit orders, Lewis stands in contempt of court. "[I]n fashioning civil contempt sanctions," "[d]istrict courts have broad discretion." *In re Ocean Warrior, Inc.*, 835 F.3d 1310, 1319 (11th Cir. 2016) (quoting *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1519 (11th Cir. 1990)). Because Lewis has demonstrated his disregard for outstanding monetary judgments (and locating his and MIQT's assets is the subject of the court orders that he continues to disregard), incarceration is the appropriate remedy until Lewis cures his contempt. *See Combs v. Ryan's Coal Co.*, 785 F.2d 970, 981 (11th Cir. 1986) (explaining that incarceration is a "legitimate use of the civil contempt power of court" when the order is "conditioned upon a refusal to comply in good faith with a court order"); *see also S.E.C. v. Solow*, 396 F. App'x 635 (11th Cir. 2010) (affirming the district court's decision to order incarceration until compliance of contemnor after he refused to pay disgorgement fees to the plaintiff).

Lewis has been remanded into the custody of the U.S. Marshals until he complies with the above court orders. Lewis may at any time purge himself of civil contempt by providing the ordered discovery, and upon proof of production to the plaintiffs, will be released.

For attorney's fees and other reasonable expenses incurred in the making of the Motion for Sanctions, (Doc. 129), the plaintiffs are directed to file a separate motion no later than **January 31, 2025**. *See* Local Rule 7.01.

**ORDERED** in Tampa, Florida, on January 16, 2025.

Kathryn Kimball Mizelle
United States District Judge