UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATHEXIS VENTURES, LP, et al.,

    Plaintiffs,

v.                                                                          Case No: 8:21-cv-2823-KKM-TGW

MIQROTECH, INC., and
MEADE LEWIS

    Defendants.
_____

## ORDER

"[W]hen considering a motion to terminate a civil contempt order, 'the district court must make an individualized determination as to whether there exists a realistic possibility that the contemnor will [comply].'" *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1530–31 (11th Cir. 1992) (per curiam) (alteration in the original) (quoting *In re Grand Jury Proceedings*, 877 F.2d 849, 850 (11th Cir. 1989) (per curiam)). The contemnor must "prove that no such realistic possibility exists." *Id.* at 1530–31 (quoting *Simkin v. United States,* 715 F.2d 34, 37 (2d Cir. 1983)). Until then, a

court may hold the contemnor in custody "[a]s long as the judge is satisfied that the coercive sanction might yet produce its intended result." *Id.* (quoting *Simkin*, 715 F.2d at 37).[1]

Defendant Meade Lewis seeks his immediate release from custody. Mot. for Release (Doc. 176). But Lewis has not purged his civil contempt by providing all the ordered discovery, nor has he shown that he cannot comply. Lewis's motion proves as much.

First, Lewis concedes facts that establish he has not purged, representing that his counsel is "in the process of viewing and producing" documents, Mot. for Release ¶ 4, and "will continue to supplement document production to plaintiffs['] counsel," *id.* ¶ 5. Lewis also explains additional discovery that he anticipates producing, such as subpoenaed financial records. *Id.* ¶ 2. That the collection and production of the documents requires time does not purge Lewis of the contempt. Production purges the contempt.

Second, Lewis began producing the ordered discovery almost as soon as he was held in custody. At the hearing last week, counsel admitted that Lewis finally appreciates the gravity of the situation and intends on complying. Until that time, Lewis ignored with impunity multiple court orders spanning nearly a year. I am thus "satisfied that the coercive sanction might yet produce its intended result." *See Wellington Precious Metals*, 950 F.2d

---

[1] Because I have already held Lewis in contempt, (Doc. 148), the defense of "inability"—that Lewis has "in good faith [made] all reasonable efforts to comply"— no longer governs. *Chairs v. Burgess*, 143 F.3d 1432, 1437 (11th Cir. 1998).

2

at 1530–31 (quoting *Simkin*, 715 F.2d at 37). As a result, Lewis's emergency motion is **DENIED**.

**ORDERED** in Tampa, Florida, on January 28, 2025.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge