UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATHEXIS VENTURES, LP, et al.,

    Plaintiffs,

v.     Case No: 8:21-cv-2823-KKM-TGW

MIQROTECH, INC., and
MEADE LEWIS,

    Defendants.
_____

## ORDER

Defendant seeks his immediate release from custody and requests that his counsel be excused from filing discovery responses under seal on the court docket. Emergency Motion for Miscellaneous Relief (Doc. 181) (Mot. for Misc. Rel.). The motion is granted in part and denied in part.

Lewis may send his discovery responses directly to the plaintiffs' counsel by email and forgo uploading copies of the same to the docket. *Id.* at 3, 5. To allow the Court to assess whether he has purged, Lewis must file amended responses to the requests for production and interrogatories on the docket. But Lewis should not do so again until all discovery has been produced.

Until a contemnor can "prove that no . . . realistic possibility exists" "that the contemnor will [comply]," the court may hold the contemnor in custody. *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1530–31 (11th Cir. 1992) (per curiam) (alteration in the original) (quoting *Simkin v. United States*, 715 F.2d 34, 37 (2d Cir. 1983)). Lewis has not produced to the plaintiffs all required discovery, nor has he established that no realistic possibility exists that he will comply. *See* Order Denying Mot. for Release (Doc. 177). Nonetheless, Lewis continues to ask for his release because compliance has at least been "substantial," even if "not complete." Mot. for Misc. Rel. at 4 (quoting *Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-CV-88-T-36JSS, 2019 WL 13037198, at *2 (M.D. Fla. July 23, 2019)).

Lewis appears to believe that "substantial compliance" equates to making all "reasonable efforts" to comply and is sufficient to purge his contempt. *See* Mot. for Misc. Rel. at 4; *cf.* (Doc. 148) (order holding Lewis in contempt) at 3-4. But he has not convinced me that there is "no realistic possibility" that additional production is not forthcoming, nor that he has exhausted all reasonable efforts to comply, as evidenced by his representation that he has requested additional materials that he will produce upon receipt. *See* Mot. for Misc. Rel. at 4 (explaining that Lewis is awaiting outstanding discovery from subpoenaed parties and other third parties that he will produce upon receipt); *see also* (Doc. 148) at 5 (providing that Lewis "will be released" "upon proof of production" of "the ordered

discovery" "to the plaintiffs"). Thus, Lewis's motion all but admits that the contempt has not been purged and still likely will be. As a result, his request for immediate release is denied.

Accordingly, Lewis's emergency motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**ORDERED** in Tampa, Florida, on January 31, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

3